# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4416 | **DATE** | 9/10/2010 |
| **CASE TITLE** | Jereme Moore (#2009-0010961) vs. Director Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to reconsider appointment of counsel [#8] is denied.

■ [**For further details see text below.**]    **Docketing to mail notices.**

---

### STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that the defendants failed to protect him from an attack by fellow detainees. This matter is before the court for ruling on the plaintiff's motion to reconsider appointment of counsel.

The motion is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, --- F.3d ---, 2010 WL 3155926, *4 (7th Cir. Aug. 11, 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006.

When a *pro se* litigant submits a request for court-appointed counsel, the district court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the district court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties,
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth a colorable cause of action under 42 U.S.C. § 1983, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. Although the plaintiff is taking psychotropic medication for post-traumatic stress disorder, his condition would not appear to affect his ability to litigate. Taking anti-depressant medication does not give rise to the "exceptional circumstances" noted in *Farmer*, 990 F.2d at 322. *See Romanelli*, 2010 WL 3155926, at *6 (quoting with approval the district judge's observation that "the whole point of taking anti-depressants is to allow the person taking them to think and act rationally"). It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.